IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02339-LTB

ANDRE BARTON,

    Plaintiff,

v.

DEPUTY ECHEART, Adams County Jail,

    Defendant.

ORDER DENYING MOTIONS

    Plaintiff, Andre Barton, has filed **pro se** on January 12, 2012, a "Motion to File Without Payment to Proceed In Forma Paupe[]ris" (Doc. #8) and a document titled "Excus[]able Negl[e]ct Moti[o]n" (Doc. #9) in which he apparently is asking the Court to reconsider the Court's Order of Dismissal and the Judgment entered in this action on October 19, 2011.  The Court must construe the motions liberally because Mr. Barton is not represented by an attorney.  **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the motions will be denied.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991).  However, a motion to alter or amend the judgment must be filed within

twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). Because Mr. Barton's motion asking the Court to reconsider was filed more than twenty-eight days after the Judgment was entered in this action, the motion properly is asserted pursuant to Fed. R. Civ. P. 60(b). *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed after ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 60(b) motion). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

Mr. Barton initiated this action by filing a letter complaining about his treatment while incarcerated. On September 13, 2011, Mr. Barton was ordered to cure certain deficiencies if he wished to pursue his claims. Specifically, Mr. Barton was ordered to file on the proper form a Prisoner Complaint and either to pay the filing fee or to file on the proper form a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Although Mr. Barton submitted a letter and two other documents on September 21, 2011, he failed to file a Prisoner Complaint and either to pay the filing fee or to file a motion seeking leave to proceed *in forma pauperis*. On October 19, 2011, the Court entered an order dismissing the instant action without prejudice because Mr. Barton had failed to cure the deficiencies as directed within the time allowed. The Court specifically noted that Mr. Barton did not allege in his letter to the Court filed on September 21 that he had been denied or prevented from obtaining the necessary forms to cure the deficiencies in this action. Although not entirely clear, Mr. Barton apparently alleges in the motion to reconsider that he was unable to obtain the

forms necessary to cure the deficiencies from the prison law library.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Barton fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Even assuming Mr. Barton was unable to obtain the necessary forms to cure the deficiencies from the prison law library, he fails to explain why he waited nearly three months after the case was dismissed to advise the Court of that fact.  Therefore, the motion to reconsider will be denied.  Mr. Barton is reminded, however, that the Court dismissed the instant action without prejudice and that, if he wishes to pursue his claims, he may do so by filing a new action.  Accordingly, it is

ORDERED that the "Motion to File Without Payment to Proceed In Forma Paupe[]ris" (Doc. #8) and the document titled "Excus[]able Negl[e]ct Moti[o]n" (Doc. #9), which the Court has construed as a motion to reconsider, are DENIED.

DATED at Denver, Colorado, this  17th  day of   January  , 2012.

BY THE COURT:

    s/Lewis T. Babcock    
LEWIS T. BABCOCK, Senior Judge
United States District Court